# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN VINCENT FORD,<br><br>    Plaintiff,<br><br>    v.<br><br>AUDREY KING,<br><br>    Defendant. | Case No. 1:17-cv-00960-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH PREJUDICE**<br><br>**(Doc. 1)**<br><br>**ORDER DIRECTING CLERK'S OFFICE TO CLOSE CASE** |

## INTRODUCTION

**A.  Background**

Plaintiff, Darren Vincent Ford, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* this civil rights action pursuant to 42 U.S.C. § 1983.

**B.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

//

//

1

**C.     Pleading Requirements**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

**DISCUSSION**

**A.     Claim Preclusion - *Res Judicata***

Claim preclusion bars litigation of claims that were or could have been raised in a prior action, *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (quotation marks omitted), and it "requires three things: (1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between parties," *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citing *Cell Therapeutics, Inc. v. Lash Grp., Inc.,* 586 F.3d 1204, 1212 (9th Cir. 2010)).

**1.     Identity of Claims**

In deciding whether there is an identity of claims, courts are to apply four criteria: "'(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.'" *Harris*, 682 F.3d at 1132 (quoting *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011)). "The fourth criterion - the same transactional nucleus of facts - is the most important." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together," *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012) (citing *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)) (internal quotation marks omitted). In most cases, "the inquiry into the 'same transactional nucleus of facts' is essentially the same as whether the claim could have been brought in the first action." *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151.

As set forth below, Plaintiff's allegations in the present action mirror the allegations in two of his prior actions -- *Ford v. State of California*, 2:13-cv-00591-AC (PC) and *Ford v. King*, 1:16-cv-01453-SAB (PC).

**a.     Present Action -- 1:17-cv-00960-SKO**

In this action, Plaintiff names Audrey King, the Executor Director for Coalinga State

Mental Hospital ("CSH"), as the sole Defendant.  Plaintiff seeks to sue King "for pushing Plaintiff out the doors of the hospital against his will when he had been evaluated a month before showing that he is an SVP, child-molester, insane and a danger to the health and safety of children and others and self."  (Doc. 1, p. 1.)  Plaintiff alleges he was "inappropriately released against his will" as "he didn't feel he was ready to leave because he received **NO** sex offender treatment."  (*Id.* (emphasis in original).)  Plaintiff contends King is responsible for forcing him to leave CSH without reevaluating him for the public's safety and welfare.  (*Id.*, p. 2.)  Forty-five days after his release, Plaintiff "received" two charges under California Penal Code § 647.6 (annoying or molesting a child under the age of eighteen) and is now re-incarcerated.  (*Id.*, p. 1.)

Plaintiff alleges that his release from CSH without treatment and rehabilitation violated sections 1026.2(a), (b) and (e).  Plaintiff also alleges that his inappropriate release from CSH has resulted in a violation of his rights to "equal protection while serving his time in prison waiting to be transferred to the [ ] Department of State hospitals."  (Doc. 1, p. 3.)

### b. Prior Action -- 2:13-cv-00591-AC

In this action, Plaintiff alleged that in 2010 he was evaluated by two psychiatrists for two hours each.  Both psychiatrists concluded that Plaintiff was a sexually violent predator (SVP).  Plaintiff's case was then referred to the district attorney, who sent plaintiff to CSH as a mentally disordered sex offender (MDSO) and SVP.  Plaintiff alleged he was diagnosed as "insane," but his criminal case was "dropped" and he was released from CHS before being re-evaluated.  Thereafter, allegedly due to Plaintiff's "uncontrollable urges," he was convicted of a felony and, because the new conviction constituted a third strike, Plaintiff is now serving a life sentence in prison.  Plaintiff contended that he should never have been released from CSH because he was "insane" at the time, and remains "insane."  Plaintiff sought relief in this action by seeking an order to place him back in CSH so he could be "cured" or at least have his illness suppressed.

### c. Prior Action -- 1:16-cv-01453-SAB

In this action, Plaintiff alleged that, in July 2010, he was evaluated by two psychologists who determined that he qualified as a SVP and was "insane."  The evaluations were then sent to the District Attorney's Office.  Plaintiff was sent to the CSH pending trial under the Sexually

4

Violent Predator Act (SVPA). Plaintiff was released back into the community after the civil commitment court dropped the SVPA case.

Plaintiff alleged that he did not want to leave CSH because he was afraid he could not control himself. Three weeks after Plaintiff's release, he was arrested for two counts of annoying or molesting a child under the age of eighteen (Cal. Penal Code § 647.6) and sentenced to two 25-year-to-life terms. Plaintiff contended he was denied proper mental health care due to his release into the community without a further determination regarding his sanity. Plaintiff sought to be placed back at CSH for further treatment and as compensation for his pain and suffering.

### 2. Final Judgment on the Merits

Case no. 2:13-cv-00591-AC (PC) was dismissed for failure to state a cognizable claim and as frivolous on June 21, 2013. (*See Ford v. State of California*, 2:13-cv-00591-AC (PC), Doc. 7.) Case no. 1:16-cv-01453-SAB (PC) was dismissed for failure to state a cognizable claim on March 3, 2017. (*See Ford v. King*, 1:16-cv-01453-SAB (PC), Doc. 10.)

Both prior actions were screened and dismissed for failure to state a cognizable claim under § 1983 since an action to place Plaintiff back at CSH would require invalidation of his current conviction. The dismissal orders in Plaintiff's prior actions indicated that Plaintiff's challenges to the basis of his current custody may only be brought by way of a habeas petition pursuant to 28 U.S.C. § 2254.

Dismissal for failure to state a cognizable claim under the Federal Rules of Civil Procedure "is a 'judgment on the merits.'" *See Federated Dept. Stores Inc. v. Moitie*, 452 U.S. 394, 399, n. 3 (1981) (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678 (1946)). Thus, dismissal of Plaintiff's prior actions operates as final judgment on the merits of the claims he raises in the present action.

### 3. Privity of Parties

The last factor requires a determination as to whether privity exists between the defendants Plaintiff named in these actions: Defendant King and CSH.

Privity exists between parties when a party to latter litigation is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the

subject matter involved." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052–53 (9th Cir.2005) (citation omitted). The concept was traditionally limited to certain "legal relationships in which two parties have identical or transferred rights with respect to a particular legal interest," such as co-owners of property, decedents and heirs, joint obligees, etc. *Id*. at 1053. However, it includes almost any relationship in which "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest. . . . [P]rivity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases[.]" *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 322 F.3d 1064, 1081-82 (9th Cir. 2003) (citations and quotations omitted).

Under the circumstances alleged in each of Plaintiff's actions discussed above, privity exists between Defendant King and CSH because of their commonality of interest. The third and final claim preclusion factor is thus satisfied. *Scott*, 746 F.2d at 1378 (privity exists between different individuals employed by the same government agency) (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03, 60 S.Ct. 907 (1940)); *Brooks v. Alameida*, 446 F.Supp.2d 1179, 1183 (S.D.Cal. Aug. 11, 2006) (privity existed between prison officials where parties in the present suit held the same positions and stood in the same relation to the inmate-plaintiff as those in the earlier suit); *see also Hutchison v. California Prison Indus. Auth.*, No. 13-cv-04635-CW, 2015 WL 179790, at *3-4 (N.D.Cal. Jan. 14, 2015) (privity existed between state prison system employees who were employed by same state agencies and engaged in the same conduct).

### 4. Analysis

The present action is barred by the principles of claim preclusion, *res judicata*. Plaintiff's allegations in his present action and in the prior actions set forth above are nearly identical. The only difference is that Plaintiff failed to give the date of his inappropriate discharge from CSH in the present action. The omission of the year the events occurred does not negate the otherwise complete duplicity of his factual allegations in the actions. In both prior actions, the court entered final judgments on the merits on Plaintiff's claims against Defendant King and CSH, who share privity.

//

Plaintiff raised equal protection issues in the present action, but did not do so in either of his prior actions. However, although a plaintiff need not bring every possible claim, where claims arise from the same factual circumstances, the plaintiff must bring all related claims in one proceeding, or forfeit the opportunity to bring any omitted claim in a subsequent proceeding. *Liquidators of European Fed. Credit Bank*, 630 F.3d at 1151. Thus, Plaintiff is precluded from now asserting an equal protection claim based on the factual circumstances which he raised in his prior actions.

**B.     Statute of Limitations**

Although Plaintiff did not set forth the date he was released from CSH in the present action, in his prior actions, Plaintiff stated it occurred in 2010.

The applicable statute of limitations begins to run upon accrual of the plaintiff's claim-- i.e., when he knows or has reason to know of the injury that is the basis of his action, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009), which is normally on the date of injury, *Ward v. Westinghouse Canada, Inc*., 32 F.3d 1405, 1407 (9th Cir.1994). Actions under section 1983 fall under the limitations period from the forum state's statute of limitations for personal injury torts, *see Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091 (2007), which is two years in California, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1.

The two-year statute of limitations period is tolled for two years if plaintiff is a prisoner serving a term of less than life, which gives such prisoners effectively four years to file a federal suit. *See* Cal. Civ. Proc. Code § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's California's equitable tolling rules if they are not inconsistent with federal law). Although the term of Plaintiff's sentence is not known, the limitations period for his claims would not differ if he were serving a term of life with the possibility of parole, as that is considered a term of less than life. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). Further, in California "[l]imitations are tolled during period of imprisonment of persons sentenced to life imprisonment." Cal. Civ. Proc. Code § 352.1, note (West Ann. 2017) (2. Construction and application) (citing *Grasso v. McDonough Power Equip.*, 264 Cal.App.2d 597, 601, 70 Cal.Rptr. 458 (1968) (reversed dismissal on demurrer based on statute of limitations of

7

action brought by inmate sentenced to a life term roughly nine years after precipitating incident,)); *see also Brooks v. Mercy Hosp.*, 1 Cal.App.5th 1, 6-7 (2016) (finding ". . . *Grasso* remains good law.") Regardless of the terms of Plaintiff's sentence, he had a minimum of four years from his discharge from CSH in 2010 to file suit. Plaintiff filed the present action on May 12, 2017--approximately three years beyond the statute of limitations. The present action is thus barred by the statute of limitations.

**ORDER**

Plaintiff's claims in the present action are barred by *res judicata* as well as the statute of limitations. Given Plaintiff's persistence in pursuing claims regarding his release from CSH, despite having been provided the applicable legal standards and direction that any such claims are not cognizable under § 1983, leave to amend would be futile. Further, amendment need not be allowed as the defects in Plaintiff's pleading cannot be cured. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY ORDERED that the Complaint is DISMISSED with prejudice and the Clerk of the Court is directed to close the action.

IT IS SO ORDERED.

Dated: **August 16, 2017**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE